United States District Court
Southern District of Texas

**ENTERED**

March 11, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ERICA ANDERSON ROSS, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-24-3666 |
| § | |
| TARGET CORPORATION, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

The plaintiff, Erica Anderson Ross, was allegedly injured while shopping at a Target store when an employee hit her with a "U-boat," a kind of warehouse cart. (Docket Entry No. 1-1 ¶ 7). She sued Target for negligence and premises liability. (*Id*. at ¶¶ 9, 10).

Ross's prosecution of the case has been problematic. Ross attempted to name more than a dozen medical experts (most, if not all, health care providers her lawyer sent her to see) months after the expert designation and discovery cut off, on the eve of docket call. (*Id.*). She argued a failure on the part of her counsel to properly calendar deadlines. (Docket Entry No. 41 at 1). The court struck her attempt to untimely designate her experts, noting that an internal calendaring error was insufficient for the court to find good cause to extend the deadline and pointing out the prejudice Target faced in these circumstances. (Docket Entry No. 44 at 3); *see also Newsome v. Int'l Paper Co*., 123 F.4th 754, 767 (5th Cir. 2024) (noting that "inadvertence" is insufficient to establish good cause for a plaintiff's failure to meet a district court's deadlines and explaining the prejudice to the defendant by failing to timely file experts).

Target has moved for summary judgment on the ground that without medical experts, Ross cannot get to a jury because she cannot show a causal link between the incident with the U-boat

and her medical conditions.  (Docket Entry No. 46).  Ross responded.  (Docket Entry No. 47).  Ross attached several exhibits to her response brief, including medical records and her original petition, which Target has also moved to strike.  (Docket Entry Nos. 47-1, 47-2, 48).

The court denies the motion to strike.  The medical records that Ross attached as Exhibit B, (Docket Entry No. 47-2), are inadmissible because Ross did not submit an affidavit or other proof that would satisfy the authenticity and admissibility requirements.  "At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form." *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) (citing FED. R. CIV. P. 56(c)). "[M]aterials cited to support or dispute a fact need only be *capable* of being 'presented in a form that would be admissible in evidence.'"  *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (quoting FED. R. CIV. P. 56(c)(2)).  While the reports are inconsistent—different reports document, for example, varying levels of right-side pain, as well as different descriptions of the accident—that affects weight, not admissibility.  *See Matador Drilling Co., Inc. v. Post*, 662 F.2d 1190, 1199 (5th Cir. 1981) ("[T]hat the reports are incomplete and inaccurate are matters going to the weight of this evidence and not its admissibility.").

As to the petition attached as Exhibit A, (Docket Entry No. 47-1), the court notes that it is unverified and not competent summary judgment evidence.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (noting that "[a] plaintiff's verified complaint can be considered as summary judgment evidence to the extent that it comports with the requirements of" Rule 56(c)); *Green-Johnson v. Enterprise Rent-A-Car*, Civ. Action No. 06-5475, 2008 WL 941708, at *2 n.4 (E.D. La. Apr. 7, 2008) (noting that because the "complaint [was] not verified, [it was] therefore not evidence.").  The court will not consider it because it is not competent summary judgment evidence. *See Huston v. U.S. Bank Nat'l Ass'n*, Civ. Action No. H-10-3702, 2012 WL 652589, at

*5 (S.D. Tex. Feb. 28, 2012) (denying a motion to strike as moot because the court did not consider any of the summary judgment evidence to which the defendant objected).

Even considering the medical records that Ross submits, the court grants the motion for summary judgment. "The general rule has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors." *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007). In "limited circumstances," expert medical testimony is not needed, because "the existence and nature of certain basic conditions, proof of a logical sequence of events, and temporal proximity between an occurrence and the conditions can be sufficient to support a jury finding of causation without expert evidence." *Id.* at 667. The Texas Supreme Court has established that expert evidence is unnecessary for certain kinds of medical expenses, such as those for emergency transportation immediately after a serious accident. *Id.* at 669. However, expert evidence *is* required for a more complex relationship between an accident and physical injuries, such as when preexisting conditions are involved. *See Lara v. Bui*, No. 01-21-00484-CV, 2023 WL 2249205, at *4–5 (Tex. App.—Houston [1st Dist.] Feb. 28, 2023, pet. denied) (mem. op.); *Flores v. Ochoa*, No. 09-21-00384-CV, 2024 WL 3706855, at *10 (Tex. App.—Beaumont Aug. 8, 2024, no pet.) (mem. op.).

Ross's medical records show that she went to a RapidCare clinic three days after the Target incident.[1] At the clinic, she complained of right-side pain, neck pain, right wrist pain, eye pain, and headaches. (Docket Entry No. 47-2 at 5, 8, 10). She presented with no visible injuries—no cuts, no lacerations, bruising, or swelling, which would be expected if she was hit by a cart or by

---

[1] The record and briefing are inconsistent as to whether Ross alleges injury because a Target employee hit her with a U-boat or because boxes fell on her head, or some combination of both. (*Compare* Docket Entry No. 1-1 ¶ 7 (hit by a U-boat); Docket Entry No. 47-2 at 5 (hit by a cart); Docket Entry No. 47-2 at 10 (hit by heavy boxes on head, neck, and right upper extremity); Docket Entry No. 47-2 at 15 (hit by heavy boxes on back and right arm); Docket Entry No. 47 ¶¶ 6, 17 (struck by a U-boat loaded with heavy boxes)).

falling boxes.  (*Id.* at 7, 10–11).  Ross agrees that while certain "medically complex conditions"—such as her alleged back pain—require expert proof to show a causal link between being hit by the U-boat and her current conditions, her "straightforward traumatic shoulder and wrist injuries" are within the understanding of an ordinary juror and do not require expert testimony.  (Docket Entry No. 47 ¶¶ 17–20).

The problem with Ross's argument is that even the shoulder and wrist injuries she asserts she suffered did not result in physically obvious signs.  The records show no bruises, scrapes, or cuts.  And Target has produced extensive medical records demonstrating that, for several years before the accident, Ross had complained of, and been diagnosed with, conditions related to right-side pain, including pain in her right shoulder and hands (among other things).  Much of this medical history apparently stems from car accidents before the Target incident.  (*See* Docket Entry No. 46-2 (reporting right neck and back pain following a 2017 car accident); Docket Entry No. 46-3 (reporting right shoulder pain and right arm pain from the 2017 car accident; diagnosed with right shoulder joint sprain); Docket Entry No. 46-4 (reporting tingling in arms and shoulder pain since the 2017 accident); Docket Entry No. 46-5 (reports from 2013 and 2012 noting a history of right-side weakness and right-side pain); Docket Entry No. 46-6 (reporting right shoulder, right arm, right forearm, and right-hand injuries from car accident two weeks earlier, in September 2022; diagnosed with right shoulder and right wrist and hand sprains; pain had not subsided throughout early 2023); Docket Entry No. 46-7 (same); Docket Entry No. 46-8 (reporting right shoulder pain); Docket Entry No. 46-9 (reporting right shoulder, arm, and hand pain from the 2022 car accident)).

"The presence of a medical condition before an accident may complicate a causation connection and require expert evidence to support causation." *Flores*, 2024 WL 3706855, at *10.

In this case, the extensive evidence of Ross's prior right shoulder and hand injuries complicates the causation question such that expert testimony is required even for the injuries that Ross asserts are not "medically complex." *See Guevara*, 247 S.W.3d at 669 (injuries outside the plaintiff's "immediate post-accident condition which resulted in his being transported to an emergency room" required expert evidence); *cf. VIA Metro. Transit Auth. v. Barraza,* No. 04-13-00035-CV, 2013 WL 6255761, at *4 (Tex. App.—San Antonio Dec. 4, 2013, pet. denied) (mem. op.) ("Common experience indicates that when a person who claims to have no previous injuries to a foot and shoulder is involved in a bus accident where both of the body parts collide with metal surfaces, a metal plate and pipe respectively, the source of the collision is likely the cause for the resulting injuries."). In this case, Ross did not suffer any physically obvious injuries from the Target incident, but—based on her own submitted medical records—experienced pain and tenderness in parts of her body where Target's evidence shows she has long experienced pain and tenderness.

Because Ross has "produced no evidence of causation with respect to the complex medical conditions that are the subject of the" lawsuit and the motion for summary judgment, the court must grant the motion for summary judgment. *Carmona v. Forrest*, Civ. Action No. H-20-3922, 2023 WL 4317036, at *7 (S.D. Tex. June 15, 2023), *report and recommendation adopted*, 2023 WL 4317184 (S.D. Tex. June 30, 2023); *Vessels v. Prospect Airport Servs., Inc.*, No. SA-19-CV-01330, 2021 WL 4712696, at *3 (W.D. Tex. Oct. 6, 2021); *Novelozo v. BP Exploration & Production Inc.*, No. SA-21-CV-00360-OLG, Civ. Action No. 13-1033, 2022 WL 1460103, at *10 (E.D. La. 2022); *Wells v. Red Banner Transp., LLC*, No. SA-21-CV-360-OLG, 2023 WL 438802, at *9 (W.D. Tex. Jan. 26, 2023), *report and recommendation adopted sub nom. Wells v. Red Banner Transportation*, 2023 WL 5322446 (W.D. Tex. Feb. 28, 2023). That goes for all her requested relief. Ross tries to distinguish her medical expenses from her request for damages for

pain, suffering, and physical impairment—arguing that those should go forward even if the court finds expert evidence is required for her medical expenses. She relies on *McGee v. Tatum,* No. 05-21-00303-CV, 2022 WL 17248174 (Tex. App.—Dallas Nov. 28, 2022, no pet.) (mem. op.). This case is distinguishable from *McGee.*

In *McGee*, the plaintiff could recover pain and suffering for her physically obvious injuries that appeared right after the accident, because she did not need expert evidence on causation to recover for those "immediate" and "basic and common" injuries (a knot on her head, a scratch, a bruise, and a headache). Those injuries were separate from her claimed medical expenses for complicated back issues, for which she did require expert evidence on causation. *Id.* at *7. By contrast, in this case, the injuries Ross alleges she sustained in the U-boat incident were not physically obvious, and the pain was in the same parts of the body where Ross had a long history of reported pain. The court cannot separate the medical expenses from the other requested damages for pain, suffering, and physical impairment. As to the mental anguish damages, only "serious bodily injury" can support mental anguish damages absent intent or malice on the defendant's part or a special relationship between the parties. *See Verinakis v. Med. Profiles, Inc.,* 987 S.W.2d 90, 95 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). Ross has neither expert evidence linking Target's actions to her injuries nor allegations or evidence of intent nor malice.

The court grants the motion for summary judgment. The case is dismissed, with prejudice. The court will separately enter final judgment.

SIGNED on March 11, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

6